IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, ) <br> BRIAN E. CONNER, M.D., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> SALINA REGIONAL HEALTH CENTER, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br><br> No. 01-2269-CM |

## MEMORANDUM AND ORDER

Plaintiff-Relators Brian E. Conner, M.D. ("Conner") and Brian E. Conner, M.D., Chartered, brought this *qui tam* action alleging that defendant Salina Regional Health Center repeatedly violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA") and discharged Conner from its medical staff in retaliation for his complaints. Plaintiffs also assert three additional claims under state law regarding defendant's refusal to reappoint Conner to its medical staff. The court dismissed plaintiffs' FCA claims on May 8, 2006, but allowed plaintiffs to amend Counts Five and Six.

Pending before the court are two motions: Defendant Salina Regional Health Center, Inc.'s Motion to Dismiss Counts Five and Six of the Fourth Amended Complaint, as Amended by Interlineation (Doc. 99) and Defendant Salina Regional Health Center, Inc.'s Motion to Dismiss Counts 7, 8, and 9 of Plaintiff's Fourth Amended Complaint, as Amended by Interlineation (Doc. 101). For the following reasons, the court grants both motions.

## I. STANDARD OF REVIEW

Defendant moves to dismiss Counts Five and Six for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fiztgerald*, 457 U.S. 800 (1982).

## II. FACTUAL BACKGROUND[1]

Brian E. Conner, M.D. is an ophthalmologist who maintained medical staff privileges with defendant, a private hospital, until 1997.  Brian E. Conner, M.D., Chartered, employs Conner and is the professional association through which he practices medicine.

On February 3, 1997, defendant denied Conner's application for reappointment to defendant's medical staff.  Thereafter, Conner requested and received a due process hearing.  The hearing officer recommended that Conner's application be denied, and Conner appealed the decision.  Defendant's review panel affirmed the officer's recommendation.  On October 16, 1997, defendant's board of trustees affirmed the hearing officer's recommendation and denied Conner's application for reappointment to the medical staff.

---

[1] The uncontroverted facts are taken from the record and viewed in the light most favorable to plaintiffs.

On June 1, 2001, plaintiffs filed this action.

## III. DISCUSSION

### A. Are Counts Five and Six Time-Barred?

The parties dispute whether the Kansas two-year or three-year statute of limitations applies to Counts Five and Six. The court need not resolve that issue here. Even assuming that the three-year statute applies, Conner's claims are still time-barred. At the latest, Conner's claims for retaliatory discharge accrued on October 16, 1997, and Conner filed this action on June 1, 2001, more than three years later.

Conner claims that Counts Five and Six are timely under the continuing violation doctrine—specifically, Conner alleges that defendant continued to "blackball" him in retaliation for his *qui tam* activities for years after his termination. For example, in April 2000, defendant produced a referral directory but omitted Conner from the publication. Under Conner's application of the continuing violation theory, Conner's claims are timely as long as the last act of the continuing practice falls within the statute of limitation. Conner likens his case to a hostile work environment claim, arguing that "defendant's repeated acts of retaliatory conduct have continued consistently ever since Dr. Conner's termination of medical staff privileges in 1997."

Conner's argument fails for several reasons. First, Conner's complaint describes Counts Five and Six as "retaliatory discharge" claims, and claims that defendant's "longstanding campaign of harassment and intimidation . . . *ultimately* resulted in [defendant] terminating Dr. Conner from its medical staff. . ." (emphasis added). Counts Five and Six, as defined by the complaint, do not encompass harassment or intimidation that continued after Conner's termination. Conner's description of his claims in his Fourth Amended Complaint, as Amended by Interlineation, is inconsistent with his characterization of his claims in his response to defendant's motion to dismiss.

Even if the court were to allow Conner to amend his complaint again, Counts Five and Six would still fail. Conner ignores the fact that termination is a discrete act. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (listing termination among discrete acts). "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113. The court has reviewed all of the "continuing violation" cases cited in Conner's brief, and finds them distinguishable and inapplicable to the case at hand. The court has also reviewed *Burlington Northern & Santa Fe Railroad v. White*, 126 S. Ct. 2405 (2006). *White* held that Title VII retaliation provisions are not limited to acts that occurred during employment. 126 S. Ct. at 2414. But whether retaliatory post-employment conduct is actionable does not impact whether Conner timely-filed his retaliatory discharge claims. And the policy considerations behind *qui tam* actions also do not convince the court that the continuing violation theory should apply to Conner's stale claims.

For these reasons, the court finds that Counts Five and Six, the only federal claims remaining in the case, are barred by the statute of limitations.

**B. Should the Court Exercise Supplemental Jurisdiction over the Remaining State Law Claims?**

Federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). "[W]hen a district court dismisses the federal claims, leaving only the supplemental state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). That said, whether to assert supplemental jurisdiction is within the court's discretion. *Brinkman v. State Dept. of Corr.*, 863 F. Supp. 1479, 1488 (D. Kan. 1994). The court should exercise its discretion to try state law

-4-

claims in the absence of any federal claims only where judicial economy, convenience, and fairness would be served.  *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  If the parties have already expended "'a great deal of time and energy on the state law claims,' it is appropriate for the 'district court to retain supplemented state claims after dismissing all federal questions.'"  *Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 2003 WL 1870993, at *5 (10th Cir. Apr. 14, 2003) (quoting *Botefuhr*, 309 F.3d at 1273).  But district courts must bear in mind that "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters.*, 902 F.2d at 1478.

The age of this case is misleading.  Although the case has been pending since 2001, it began as an FCA case filed under seal.  Plaintiffs neither filed the state law claims nor served defendant until 2004.  Despite the age of the case, it remains in early stages of litigation; the parties have not conducted discovery on the state law claims, and the court has not set a trial date.  In fact, the parties have only conducted discovery on issues of subject matter jurisdiction.  *See* Doc. 48.  Defendant filed motions to dismiss and for summary judgment in August 2005, and the court ruled on those motions in May 2006.  The court's order included only one ruling involving the state law claims—that they were not barred by the statute of limitations.  The state law claims in this case, breach of contract, tortious interference, and injunctive relief, are not matters involving any special federal interest or policy.  The court is also not convinced that plaintiffs face concerns of jury bias in state court.  Notably, these claims were at one time pending in state court.  The court finds no compelling reason to retain jurisdiction over the state law claims, and dismisses them without prejudice.

Plaintiffs ask the court to issue a ruling that 28 U.S.C. § 1367(d) applies to allow plaintiffs to refile their state law claims in state court within thirty days.  It appears to the court that § 1367(d)

-5-

will "save" plaintiffs' claims for thirty days, but the court finds it unnecessary to issue a ruling to that effect.

**IT IS THEREFORE ORDERED** that Defendant Salina Regional Health Center, Inc.'s Motion to Dismiss Counts Five and Six of the Fourth Amended Complaint, as Amended by Interlineation (Doc. 99) is granted.

**IT IS FURTHER ORDERED** that Defendant Salina Regional Health Center, Inc.'s Motion to Dismiss Counts 7, 8, and 9 of Plaintiff's Fourth Amended Complaint, as Amended by Interlineation (Doc. 101) is granted. Counts Seven, Eight, and Nine are dismissed without prejudice.

Dated this 5th day of January 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**